UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WICAHPE MILK,<br><br>                    Defendant. | 5:16-CR-50149-03-KES<br><br><br>ORDER DENYING<br>MOTION FOR NEW TRIAL |

Defendant, Wicahpe Milk, moves for a new trial under Rule 33(b)(2) of the Federal Rules of Criminal Procedure. Docket 373. Milk argues he is entitled to a new trial based on (1) the introduction of certain evidence at trial, (2) insufficiency of evidence to sustain a verdict for possession of a firearm by a prohibited person, and (3) ineffective assistance of counsel. *Id.* The United States opposes Milk's motion. Docket 375. For the following reasons, the court denies the motion for new trial.

**BACKGROUND**

On September 20, 2016, Milk was indicted on one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). CR 16-50118 Docket 1. The court granted the government's motion to join Milk with co-defendants Julissa Poor Bear and Harold Louis Brewer, Jr. in CR 16-50149. Docket 95. In a Second Superseding Indictment, Milk was charged with conspiracy to distribute a controlled substance,

possession of a firearm by a prohibited person, and obstruction of justice.
Docket 215. Brewer entered a plea of guilty on December 28, 2018, and Poor
Bear entered a plea of guilty on March 20, 2020. Dockets 107, 239. Milk
proceeded to trial on June 28, 2021. *See* Dockets 301, 357. The jury found
Milk guilty on all three counts in the Second Superseding Indictment. Docket
365. Milk is scheduled to be sentenced on October 1, 2021. Docket 369.

**LEGAL STANDARD**

Under Rule 33 of the Federal Rules of Criminal Procedure, a court can
vacate a judgment and grant a new trial "if the interest of justice so requires."
Fed. R. Crim. P. 33(a). "As a general rule, the decision whether to grant or deny
a motion for a new trial lies within the discretion of the district court." *United
States v. McMahan*, 744 F.2d 647, 652 (8th Cir. 1984) (citing *McDonough Power
Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)). The court's authority to
grant a new trial should be used cautiously and sparingly. *United States v.
Cole*, 537 F.3d 923, 926 (8th Cir. 2008) (citation omitted).

"Rule 33 is [an] unusual remedy that is reserved for 'exceptional cases in
which the evidence preponderates heavily against the verdict.' " *United States v.
Anwar*, 880 F.3d 958, 970 (8th Cir. 2018) (alteration in original) (quoting
*United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)). "Unless the
district court ultimately determines that a miscarriage of justice will occur, the
jury's verdict must be allowed to stand." *Campos*, 306 F.3d at 579.

## DISCUSSION

### I.    Cell Phone Trial Exhibit and Witness Testimony

Milk states that during trial "the government introduced testimony from a phone [(exhibit 39)] that was never identified as a phone belonging to Milk" and "[t]he government's discovery indicated that the phone belonged to [Jeremy] Crow." Docket 373 at 1. Milk alleges that "[t]he government never informed [Milk] that it was their position that the phone belonged to Milk and therefore the contents of the phone would be introduced against Milk at trial." *Id.* As a result, Milk argues that he was "deprived of any opportunity to file a motion to suppress the contents of said phone or more egregiously to review the contents of the phone prior to the jury trial in the case." *Id.* And, Milk argues, if he had filed a motion to suppress and it was denied, he "would have entered a plea to the charge which he was denied the opportunity to do." *Id.* Milk does not specify to which charge or charges he would have pleaded guilty. *See id.*

First, the government makes factual assertions to dispute Milk's arguments and conclusions. *See* Docket 375 at 3-5. The government states that in the course of discovery, Milk received a copy of the "cellphone download and associated reports for the phone" on August 7, 2017. *Id.* at 3. The phone was on the government's list of proposed exhibits that was provided to Milk a week before trial. *Id.* At trial, the phone was offered and admitted into evidence. *Id.* The government states that "[a]ny review of the phone contents should have adduced the government's position that it was in fact [Milk]'s phone, or at the

3

least, used by him." *Id.* at 3. The government disputes Milk's conclusion that the phone "belonged to Crow" insofar as it was "collected from Crow's person," but "it was apparent the phone had been primarily used by [Milk]." *Id.* at 4. These facts, according to the government, were made known to the jury, and Milk was free to cross-examine and put on evidence to the contrary. *Id.* Ultimately, the "evidence from the phone was circumstantial and corroborative, not directly indicative of [Milk's] guilt on any particular element," the government argues. *Id.* at 5. Milk did not reply to the government's brief, and nothing in his initial motion and memorandum contradicts the facts stated by the government as to this issue. *See* Docket 373 at 1.

Second, the government disputes the legal grounds for a new trial based on the introduction of the cell phone. Docket 375 at 4. Milk's motion is devoid of any authority that would require the government to share its "view" of a particular piece of evidence or "otherwise decipher" it for Milk, the government argues. *Id.*; *see* Docket 373 at 1. The government points out that Milk fails to identify what would have been his legal basis to suppress the phone. Docket 375 at 4. The government speculates that suppression would have been improbable because the phone was collected from Crow when Milk was not present and the phone was searched under a search warrant. *Id.* And in the event a suppression motion would have been denied, the government avers that Milk never indicated that he was willing to enter a plea of guilty. *Id.* at 5.

"Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). But

4

the government must "disclose all evidence that is 'favorable to an accused' and 'material either to guilt or to punishment.' " *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Additionally, Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the government to permit the defendant, upon a defendant's request, to inspect and copy any documents and objects within the government's control that the government intends to use in its case-in-chief at trial. To establish a violation of a defendant's right to discovery, the defendant "must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924.

Here, Milk fails to articulate what action or inaction by the government violated his entitlement to discovery. The record shows that Milk was in possession of discovery of the cell phone since August 2017—nearly four years before trial. Milk does not dispute that he received a copy of the cell phone download and associated reports for the phone almost four years before the trial. The government introduced evidence at trial showing that although the cell phone was taken from Crow's person, it was effectively Milk's phone, or at least that it was used by Milk. Milk had every opportunity to review the discovery, object to the exhibit's admission at trial, and cross-examine witnesses about its contents. He also could have moved to suppress the evidence well before trial, and, after reviewing discovery, could have engaged in plea negotiations with the government. Nothing in the record indicates or even suggests that Milk's entitlement to certain discovery or rights at trial were

5

abridged as to the cell phone. Milk has failed to identify any miscarriage of justice, and the court finds none. Thus, the court denies the motion for new trial based on the cell phone introduced at trial.

## II.    Sufficiency of Evidence as to Possession of a Firearm by a Prohibited Person

Milk asserts that he is entitled to a new trial because there was insufficient evidence to sustain a conviction on Count 2r of the Second Superseding Indictment, possession of a firearm by a prohibited person. Docket 373 at 2. He appears to argue that there was insufficient evidence specifically as to element 3:

> [T]hat after that, on or about August 17, 2016, in Rapid City, in the District of South Dakota and elsewhere, the defendant knowingly received or possessed a firearm, that is a Raven MP-25, .25 caliber pistol, bearing serial number 665342.

Docket 360 at 7. Milk states that "[t]he sole evidence was that the defendant was seen at Walmart approximately an hour prior to his arrest on August 17, 2016, with a red back pack similar to the one found in the vehicle." Docket 373 at 2. He argues that "[t]he red back pack in which the firearm was found was retrieved from the front passenger floor board," a space that the "undisputed evidence showed was occupied by Alyissa Williams." *Id.* And he argues that Williams and Lori Red Owl "were both alone in the vehicle after the defendant was removed with ample opportunity for either of them to have placed a firearm in the red back pack." *Id.* He goes on to state that "[n]o fingerprints belonging to Milk were ever found on the firearm" and concludes that "[t]here was no

evidence that Milk ever had purchased the firearm or had possession of it at any time prior to his arrest." *Id.*

The government argues that the evidence at trial was sufficient for the jury to convict Milk on Count 2r. Docket 375 at 6-7. First, Milk was captured on video at a Walmart carrying the red back pack that the firearm was discovered an hour later by law enforcement. *Id.* at 6. Second, although Milk was prohibited from possessing a firearm by virtue of a prior felony conviction—a fact stipulated to by the parties—multiple witnesses testified that Milk frequently possessed firearms. *Id.* Third, although the firearm was not found on Milk's person when he exited the vehicle, law enforcement testified that there was movement inside the vehicle by its occupants as law enforcement approached it. *Id.* This, the government argues, allowed the jury to find that Milk and others moved the red back pack away from him before he exited the vehicle. *Id.* Milk did not reply to the government's brief, and nothing in his initial motion and memorandum contradicts the trial testimony as stated by the government regarding this issue. *See* Docket 373 at 2.

"A defendant is entitled to a new trial due to insufficient evidence only if 'the evidence preponderates heavily against the verdict,' such that 'a miscarriage of justice will occur' unless the defendant receives a new trial." *United States v. Ruzicka*, 988 F.3d 997, 1007 (8th Cir. 2021) (quoting *United States v. Stacks*, 821 F.3d 1038, 1045 (8th Cir. 2016)). When analyzing a motion for new trial based on sufficiency of the evidence, the court may "weigh the evidence and judge the credibility of the witnesses to determine whether

7

there was a miscarriage of justice that warrants a new trial." *United States v. Waloke*, 923 F.3d 1152, 1156 (8th Cir. 2019) (citing *United States v. Samuels*, 543 F.3d 1013, 1019 (8th Cir. 2008)).

Here, Milk's contention that he cannot be convicted of possession because he did not possess the firearm at the moment he was apprehended by law enforcement is without merit. The evidence and testimony at trial was sufficient to show that Milk possessed the firearm while at Walmart. And witnesses testified that it was not uncommon for Milk to have firearms. Upon its own evaluation of the evidence and witness testimony, the court finds that there was sufficient evidence for the jury to find beyond a reasonable doubt that Milk possessed the firearm in question. Thus, his motion for a new trial is denied as to this issue.

## III.   Assistance of Counsel

Milk argues that he is entitled to a new trial because he was "deprived effective assistance of counsel." Docket 373 at 2. Milk points to alleged "ethical and conflict of interest" concerns that his attorney raised with the court prior to trial in a motion to withdraw that the court denied. *Id.*; *see also* Docket 323, 324. The government resists this basis for a new trial, because the argument is too general and is not specific to counsel's trial performance or strategy. Docket 375 at 7.

"Normally, a collateral postconviction action under 28 U.S.C. § 2255 is the appropriate means for raising a claim of ineffective assistance of counsel and for developing a record sufficient to examine counsel's performance. *United*

8

*States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001) (citation omitted). But the court many consider an ineffective assistance of counsel claim on a motion for new trial if it has "developed an adequate record on the issue." *Id.* (citing *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir. 1998)). If such a record exists, the court analyzes a motion for new trial based on ineffective assistance of counsel under the two-prong *Strickland* test: (1) did "counsel's performance fall below an objective standard of reasonable competence," and (2) did "the deficient performance prejudice[] the defendant." *United States v. Hubbard*, 638 F.3d 866, 870 (8th Cir. 2011) (citation omitted); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Here, the only basis the court has to evaluate this claim is Milk's counsel's *ex parte* motion to withdraw. *See* Docket 323. That motion brought to the court's attention counsel's concerns about continuing his representation of Milk. *Id.* There, the court found that although the attorney-client relationship was not harmonious, the vague and speculative allegations were not grounds to permit counsel to withdraw.[1] Docket 324. Since denying the motion to withdraw, Milk and his attorney have not provided any additional facts or other information on this issue to further develop the record. Thus, the court finds

---

[1] Milk's motion for new trial states, "The court denied the motion [to withdraw] based on the allegations of defendant constituting mere puffery . . . . Yet when defendant allegedly made certain allegation to witnesses the allegations were deemed to constitute obstruction of justice." Docket 373 at 2. The difference, of course, is that obstruction of justice is a criminal offense under 18 U.S.C. § 1503, but misrepresenting facts about the attorney-client relationship, unless doing so under oath, is not a criminal offense.

that there is an insufficient record to evaluate Milk's claim of ineffective assistance of counsel as grounds for a new trial.

## CONCLUSION

Milk has not established that his rights to discovery or trial rights were violated resulting in a miscarriage of justice as to the introduction of exhibit 39, a cell phone. The court's review of the evidence and witness testimony shows that there was sufficient evidence for the jury to convict Milk on Count 2r. And there is not an adequate record to assess Milk's ineffective assistance of counsel claim as a basis for a new trial. Thus, it is

ORDERED that Milk's motion for new trial (Docket 373) is denied.

DATED August 25, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE